MMUNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER M. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-784-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff seeks judicial review of the final decision of Defendant under 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Social Security Act ("the Act"). Defendant found Plaintiff's impairments had improved to the point where she was no longer disabled and no longer qualified for supplemental security income ("SSI") under Title XVI of the Act. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___). The parties have briefed the issue—whether the ALJ erred in finding Plaintiff can perform light work. For the following reasons, Defendant's decision is affirmed.

I.  Background

In the comparison point decision ("CPD"), that is, the most recent favorable decision dated June 22, 2009, the Social Security Administration ("SSA") determined Plaintiff's Hodgkin's Lymphoma satisfied the criteria of one of the

presumptively disabling impairments listed at 20 C.F.R. part 404, subpart P, Appx. 1, specifically, listing 13.05(b). Thus, Plaintiff was found to be disabled within the meaning of the Act and entitled to SSI beginning March 14, 2009.

The SSA's determination that a claimant is disabled does not, however, guarantee the claimant will receive disability benefits in perpetuity. Rather, the Act provides that a claimant's benefits can be terminated if evidence demonstrates "medical improvement" in her previously disabling conditions—medical improvement related to her ability to work. 42 U.S.C. § 1382c(a)(4). Thus, if a claimant is awarded disability benefits, Defendant must review the case periodically to determine whether there has been any medical improvement in the claimant's condition and whether that improvement affects her ability to work. 20 C.F.R. § 416.994(a). "Medical improvement is any decrease in the medical severity of [the] impairment" upon which the most recent finding of disability was based. 20 C.F.R. § 416.994(b)(1)(i).

In this case, as part of the continuing disability review, the State agency determined Plaintiff's Hodgkin's Lymphoma, the severe condition upon which the CPD was based, had been in remission for ten years and that as of May 1, 2018, Plaintiff was no longer disabled. On reconsideration, a State Agency Disability Hearing Officer upheld the decision regarding medical improvement.

Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). Plaintiff and a vocational expert ("VE") appeared and testified at a telephonic hearing before the ALJ on June 4, 2020. AR 70-90. Plaintiff testified that her cancer was in remission, but she claimed she was still disabled by back pain, mental impairments, and headaches.

The ALJ issued an unfavorable decision on June 22, 2020. AR 41-59. The Social Security Appeals Council denied Plaintiff's request for review, AR 1-6, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff appealed to this Court.

II.   The ALJ's Decision

The ALJ followed the eight-step sequential review process for determining whether a claimant's disability continues. 20 C.F.R. 416.994(b)(5) (i-viii). At the first step, the ALJ was required to determine whether the claimant has an impairment or combination of impairments which meets or equals the severity of a presumptively disabling impairment listed at 20 C.F.R. part 404, subpart P, appendix 1. In this case, the ALJ determined Plaintiff had the following severe impairments: Hodgkin's lymphoma in remission status post stem cell transplant; degenerative changes of the lumbar spine status post laminectomy; chronic tension type headaches; hyperuricemia; unspecified depressive disorder in full remission; and unspecified anxiety disorder. The ALJ determined that none of Plaintiff's

impairments considered individually or in combination, met or equaled the criteria of a listed impairment. AR 43.

The second step of the sequential analysis requires an ALJ to determine whether there has been "medical improvement."[1] The ALJ determined medical improvement occurred on May 1, 2018, based on remission of her cancer. AR 46.

At step three of the sequential evaluation, the ALJ must determine whether the improvement is related to the claimant's ability to do work. In other words, the ALJ must determine whether there has been an increase in the residual functional capacity ("RFC") based on improvement since the CPD. In this case, the ALJ determined the medical improvement was related to the ability to work because Plaintiff's cancer—the sole basis of disability for the CPD—no longer met the listing upon which the CPD was based.

At the fifth step of the sequential evaluation,[2] the ALJ was required to determine whether the claimant's current impairments in combination are severe. Here, the ALJ found Plaintiff continued to have severe impairments including

---

[1] "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R. § 416.994(b)(1)(i).

[2] Step four is not relevant to this case because the ALJ found medical improvement at step two.

degenerative disc disease of the lumbar spine, status post laminectomy, and anxiety.

At step six, the ALJ was required to assess Plaintiff's current RFC. Here, the ALJ found that since May 1, 2018, Plaintiff has had the RFC to perform light work:

> Since May 1, 2018, based on the current impairments, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that she is able to lift and carry 20 pounds occasionally, 10 pounds frequently. She is able to stand and walk for 6 hours with normal breaks. She is able to push and pull the same amounts that she is able to lift and carry. The claimant can frequently climb ramps and stairs, and frequently balance, kneel, crouch, and crawl. She is able to occasionally climb ladders, ropes, and scaffolds, and occasionally stoop. The claimant is able to understand, remember, and perform simple routine tasks. She is able to occasionally interact with supervisors, coworkers, and the general public.

AR 48.

Because Plaintiff has no past relevant work, the ALJ proceeded to step seven to determine whether Plaintiff can perform other work given her RFC, age, and education. In this case, Plaintiff was 27 years old on May 1, 2018—a younger individual as defined by the regulations. She has a high school education and can communicate in English. Because the ALJ determined Plaintiff had limitations which precluded strict application of the Medical-Vocational Guidelines, 20 C.F.R. part 404, subpart P, Appendix 2, he used these guidelines as a framework and sought the testimony of the VE who testified there were occupations existing in significant numbers in the national economy that Plaintiff could perform. The VE

identified three such occupations from descriptions in the Dictionary of Occupation Titles ("DOT"). All three occupations were classified as light, unskilled work: Cleaner, DOT #323.687-014 with 917,120 such jobs existing in the national economy; Inserting Machine Operator, DOT #208.685-018 with 137,359 such jobs existing in the national economy; and Sub-Assembler, Electrical Equipment, DOT #729.684-054 with 215,230 such jobs existing in the national economy.

Thus, the ALJ determined Plaintiff's disability ended on May 1, 2018.

III. Standard of Review

The Court's review is guided by the Act. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). The Court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *accord, White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence

"means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted). The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing, *e.g., Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

IV. <u>Analysis</u>

Before this Court, Plaintiff relies solely on residual pain from her back impairments to support her contention that she cannot perform light work. Specifically, Plaintiff contends she is unable to stand for six hours out of an eight-hour workday with normal breaks. Doc. No. 17 at 6.

The ALJ thoroughly discussed all medical evidence supporting Plaintiff's complaints of back pain. The ALJ noted that Plaintiff underwent a lumbar laminectomy in April 2013, after which she reported her leg and back pain had abated. She reported only mild discomfort at the surgical site. AR 1288, 1290.

Four years later in March 2017, an MRI of Plaintiff's lumbar spine revealed some chronic degenerative endplate changes at L3-L4, L4-L5, and L5-S1. AR 552-553. There was no evidence, however, of any acute osseous abnormality or an underlying marrow replacing lesion. AR 533. Prior right-sided laminectomy changes were observed at L3-L4 where there was residual disc bulging and a small left paracentral protrusion. AR 553. The MRI revealed, however, a large right paracentral disc extrusion at L4-L5 and severe right sided lateral recess stenosis, which may have been responsible for radiculopathy at L5. AR 552. Disc degeneration with disc bulging and an annular tear were apparent at L5-S1 where there was mild narrowing of both neural foramina and mild narrowing of the lateral recesses. AR 552-53.

Plaintiff was attended by Chris Lothes, M.D., for complaints of mechanical low-back pain and occasional right-sided leg pain in May 2017. AR 558. Plaintiff exhibited positive straight leg raising on the right and dorsiflexion on the right side was 4/5. Otherwise, motor strength was 5/5. AR 559. Plaintiff could not perform heel or toe walking on the right, but her gait was otherwise steady even without an assistive device. AR 559. Dr. Lothes described her symptoms as "fairly mild" and, therefore, did not recommend surgery to correct the disc protrusion. AR 560. Plaintiff expressed no interest in injections as those had not been effective in the past. AR 560. Dr. Lothes prescribed Robaxin and Tramadol. AR 560.

At the request of the SSA, James H. Henderson, M.D., examined Plaintiff on April 12, 2018. AR 786-88. At that time, Plaintiff reported she was not taking any medications for pain. Plaintiff had mild difficulty squatting and arising from a seated position, but the range of motion of the joints, save for the lumbar spine, was normal. All joints were non-tender with no erythema or effusion. Plaintiff walked without an assistive device and had no difficulty getting on or off the examining table. She had severe difficulty heel and toe walking on the right, and she had difficulty with orthopedic maneuvers in the right foot.

In his decision, the ALJ also noted that during an August 2018 psychiatric evaluation, Plaintiff walked with normal gait and exhibited no remarkable motor activity. AR 1008. In August 2018, Plaintiff underwent a second MRI with results much like the results of the previous MRI. The L4-L5 disc extrusion had decreased in size. The lateral recess stenosis at L4-L5 was still apparent as was the annular tear at L5-S1. AR 1004-1005.

On January 9, 2019, Plaintiff complained of back pain which she attributed to the need for breast reduction surgery. AR 2208-09, 2213, 2215. On February 22, 2019, Plaintiff's treating physician, Holly A. Terrell, M.D., referred Plaintiff for pain management of her chronic back pain because the prior surgery had failed to alleviate Plaintiff's symptoms. AR 2208-09.

Finally, the ALJ found the opinion of Dr. Sampat, a State agency doctor, persuasive. Dr. Sampat reviewed the evidence and found Plaintiff retained the ability to perform light work with the postural limitations adopted by the ALJ. AR 55.

Plaintiff has cited no evidence that was not reviewed and discussed by the ALJ. Unquestionably, substantial medical evidence supports the ALJ's decision that Plaintiff can perform light work. Although the Court is not unsympathetic to Plaintiff's long history of medical problems, a reversal of Defendant's decision would require this Court to reweigh the evidence and substitute its findings for those of the ALJ. This the Court cannot do. *See Fannin v. Comm'r, SSA*, No. 20-7027, 2021 WL 2071076, at *3 (10th Cir. May 24, 2021) ("Even if it were possible to view [the medical evidence] or the ALJ's findings derived from it with more skepticism, to do so would require us to reweigh the evidence, which exceeds the scope of substantial-evidence review.").

V.    Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this   4th   day of May, 2022.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE